**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Freddie COLON, Defendant–Appellant.**

**No. 01–1192.**

United States Court of Appeals, Second Circuit.

March 1, 2002.

Eric T. Chaffin, Esq., Brooklyn, NY, for Government–Appellee.

Freddie Colon, pro se, for Defendant–Appellant.

Present FEINBERG and KATZMANN, Circuit Judges, and GLEESON,[1] District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Freddie Colon, *pro se, in forma pauperis* and incarcerated, appeals from an October 25, 2000 order of the district court denying his motion brought pursuant to 18 U.S.C. § 3583, and moves for an order authorizing the district court to consider a successive 28 U.S.C. § 2255 motion. In October 2000, Colon pleaded guilty to violating the terms of his supervised release and was sentenced to 14 months' imprisonment to be followed by the remaining five-year term of supervised release that had been previously imposed. The underlying case involved Colon's September 14, 1994 guilty plea to importing heroin in violation of 21 U.S.C. § 452(a); on April 24, 1995, he was sentenced originally to 72 months imprisonment and five years supervised release. After his original conviction, Colon was involved in new criminal activity, leading to another drug conviction, an initial violation of supervised release in June 2000 for which he was sentenced to a halfway house, and the violation at issue here (only three months after the initial violation).

Colon claims on this *pro se* appeal that the district court was required to terminate his supervised release in June 2000 and should not have imposed a sentence to a halfway house (even though at Colon's request). Thus, Colon claims that this sentence for subsequently violating supervised release is unlawful. Colon further contends that his counsel was ineffective for not litigating this issue before the district court or on appeal, resulting in an unlawful sentence.

We reject Colon's arguments. Colon failed to appeal his June 2000 guilty plea, and thus, cannot challenge it here absent ineffective assistance of counsel. *See United States v. Ben Zvi,* 242 F.3d 89, 95–96 (2d Cir.2001). We cannot fault Colon's attorney for obtaining for Colon a lesser sentence, especially given that Colon himself requested the sentence and for several months enjoyed the benefits of that lesser sentence. At bottom, this case arises now because of Colon's later violations of the terms of his supervised release, something which counsel could not have known about at the time of the June 2000 sentencing. In any event, it is well settled that punishment for a violation of supervised release is separate from punishment for the underlying conviction, and may when combined with the latter, exceed the statutory maximum for the underlying offense. *See United States v. Wirth,* 250 F.3d 165, 170 n. 3 (2d. Cir. 2001).

Petitioner's initial motion was labeled as a motion made pursuant to 18 U.S.C. § 3583, rather than as a § 2255 motion.

---

However, the claims petitioner seeks to advance in his proposed § 2255 motion are substantially the same claims he advanced in his initial motion. It would be pointless to remand to the district court because the district court has already found that most of Colon's claims lack merit, and as discussed above, the remaining claim of ineffectiveness of counsel also lacks merit. Thus, we dismiss the application as moot.

We have considered all of the defendant's remaining arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.